

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2006

# Montes v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Montes v. Nash" (2006). *2006 Decisions.* Paper 1148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5534
_____

EDUARDO MONTES,
                    Appellant
vs.

JOHN NASH, Warden, F.C.I.
Fort Dix, New Jersey

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 05-cv-04531)
District Judge: Honorable Robert B. Kugler

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2006
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

(Filed: May 5, 2006)
_____
OPINION
_____

PER CURIAM.

Eduardo Montes appeals pro se from an order of the United States District

Court for the District of New Jersey dismissing without prejudice his habeas petition filed

pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.  In 1993, Montes was convicted of

conspiracy to possess with intent to distribute a controlled substance in violation of 21

1

U.S.C. § 846.  The sentencing court enhanced Montes's base offense level from 34 to 38, based on its finding that Montes held an organizational role in the conspiracy.  Montes was sentenced to 240 months of incarceration.  We affirmed the conviction and sentence in 1994, and affirmed the District Court's denial of § 2255 relief in 1998.  The District Court denied Montes's subsequent § 2241 petition in 1999.  Montes did not appeal.

On September 12, 2005, Montes filed this § 2241 petition asserting that his sentence was wrongfully enhanced in violation of his Sixth Amendment rights.  Specifically, he contended that under United States v. Booker, 543 U.S. 220 (2005), a jury, not the judge, should have made the findings of fact with respect to the sentence enhancement.  Montes also claimed that the court's error in finding facts relating to the sentence enhancement was structural in nature.  Finally, Montes claimed that he is entitled to seek relief pursuant to 28 U.S. C. § 2241 because § 2255 relief is "ineffective or inadequate."

The District Court summarily dismissed the § 2241 petition without prejudice, ruling that § 2255 could not be considered ineffective or inadequate to test the legality of Montes's sentence.  Concluding that the petition could be considered only as a second or successive§ 2255 motion to vacate the sentence, the District Court determined that it lacked jurisdiction to consider the motion because it was not the sentencing court and, further, because Montes had not sought leave from this Court to file a second or successive § 2255 motion.  Montes timely appealed.

We have jurisdiction pursuant to 28 U.S.C. 1291. For essentially the same reasons set forth by the District Court in its Order entered December 13, 2005, we will summarily affirm.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Montes makes no allegation, nor could he, that he is actually innocent of the crime for which he was convicted. The exception identified in In re Dorsainvil is simply inapplicable, and Montes may not seek relief under § 2241.

3

We agree with the District Court's determination that even if the petition were re-characterized as a § 2255 motion, the District Court would lack jurisdiction to consider it.

Because the petition was properly dismissed and no substantial question is presented by this appeal, the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.